James L. Hiller, OSB # 772220
Hitt Hiller Monfils Williams LLP
411 SW 2nd Ave,  Ste 400
Portland, OR 97204
503.228.9106
email: jhiller@hitandhiller.com

Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
503.312.0318
email: markhubert@pacifier.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERNST MANUFACTURING, INC.,<br>An Oregon Corporation,<br><br>           *Plaintiff,*<br>    vs.<br><br>TOOLBOX WIDGET INC.<br>A Montana Corporation, | Case No. 3:24-cv-00556<br><br>**COMPLAINT**<br><br>**Declaratory Judgment for Patent Infringement**<br>**Patent Invalidity**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ernst Manufacturing, Inc. (hereinafter, "Plaintiff"), by and through its undersigned

counsel, for its Complaint against Defendant Toolbox Widget Inc. (hereinafter, "Defendant")

alleges as follows:

## NATURE OF THE ACTION

1.

This is an action for a declaratory judgment that United States Patent No. 11,945,095

**Page 1 –COMPLAINT**

entitled "Interchangeable and Interconnectable Tool Organizing Device" (*the '095 patent*) is not infringed by Ernst Manufacturing, Inc., either directly or indirectly as an inducing or contributory infringer.

## PARTIES

2.

Plaintiff Ernst Manufacturing, Inc. is an Oregon corporation organized and existing under the laws of the State of Oregon since May 1981, having a principal place of business at 37570 Ruben Ln, Ste B, Sandy, OR. 97055. It manufactures, distributes and sells tool accessories, nationally and internationally under their own company name and rebranded as others. Much of their sales is through Amazon and other internet sites.

3.

On information and belief, Defendant Toolbox Widget Inc. is a Montana Corporation, once organized and existing under the laws of the State of Washington, administratively dissolved and made inactive June 3, 2022 yet still operating, and having a corporate office at 5317 Military Rd E, Unit D, Tacoma, WA, 98446-3842. It manufactures and sells competing tool accessories under the brand name Toolbox Widget. Much of their sales is through Amazon and other internet sites. Its Registered Agent is Johnathan Hurley with an address of 241 Elk Park Rd., Columbia Falls, MT 59912-9229.

## JURISDICTION

4.

This Court has subject matter jurisdiction (federal question jurisdiction) of the claims asserted herein under 28 U.S.C. §§ 1331 and 1338, 2201 and 2202. 15 U.S.C. § 1121(a).

5.

This Court has in personal jurisdiction over Defendant by virtue of the facts that: (a) upon information and belief, Defendant and/or its licensees have regularly solicited business in this state, thus transacting substantial business within Oregon, (b) Defendant has created an actual controversy with the Plaintiff in this District.  Defendant has systematic and continuous contacts with the State of Oregon and has purposefully availed itself the privilege of conducting activities in Oregon by creating an actual controversy with a resident of Oregon and by conducting business transactions in Oregon including the sale of their products.

**VENUE**

6.

Venue is proper in this Court under 28 U.S.C. §§ 1391(d) for the same reasons.  A substantial part of the acts, events and omissions giving rise to the claims asserted in this action occurred within this Judicial District.  Additionally, venue is proper because the headquarters for Plaintiff is in Sandy, Oregon, its main warehouse and distribution center is in Oregon and many of the key documents and witnesses are located here.

7

Plaintiff designs, manufactures, and has been selling tool accessories, primarily tool organization and storage devices for over forty years. These tool organizers are on sale through various vendors either under their company name or a rebranded name, as well as on the internet via sites such as Amazon as well as through their website https://www.ernstmfg.com/.

9.

Plaintiff is the owner of a unique wrench storage organizer that features adhesive ID stickers that denote where a wrench should be placed in the organizer based on its size. This *"Ernst Wrench Organizer"* tool organizer is shown below.



ERNST WRENCH ORGANIZER

10.

Defendant is a competitor of Plaintiff, selling competing products also via the internet and Amazon. Defendant has numerous patents and patent applications including US Patent No. 11,945,095 (Exhibit 1). Their competing product, Modular Screwdriver Organizer is shown below.



11.

Defendant's patent discloses a wrench rack illustrated in FIGS. 4 and 11 that reference elements 400 (custom tool accessory), 410 (crevice at the center of the body), and 440 (missing tool indicator).



FIG. 11



13.

Defendant's '095 patent at paragraph [0184], referencing the figures, states:

*The missing tool indicator 440 may form a surface disposed in a crevice at a substantially center portion of the body 410, specifically between a bottom portion of the first wall inclined surface 412 and the second wall inclined surface 414, and may have a bright color (e.g., orange, yellow, etc.) to clearly indicate that a tool is missing from the custom tool accessory 400. When a tool is placed on the missing tool indicator 440, and thus, over the missing tool indicator 440, the missing tool indicator 440 is no longer visible. The missing tool indicator 440 may be designed to receive a tool having a relatively flat shape and/or surface, such as a handle of a wrench, or any other similar tool. As such, the missing tool indicator 440 may also be known as a tool holding portion 440.*

14.

The '095 patent has two independent claims, 1 and 5, each of which have the claim element:

*"a missing mechanic's tool indicator disposed at the base section, the missing mechanic's tool indicator being of a color unrelated to the color of the mechanic's tool, **wherein the missing mechanic's tool indicator is visibly blocked from sight by the mechanic's tool when the***

*mechanic's tool is engaged and held by the mechanic's tool holding portion* and is visible to sight when the mechanic's tool is removed from the mechanic's tool holding portion"

15.

In an email dated June 7, 2023, Defendant through legal counsel Kelsey Cloud, contacted Plaintiff, asserting that its advertising was not in compliance with the Federal Trade Commission's standards. Defendant requested that Plaintiff "remove all variations of the unqualified 'Made in the USA' claims" from their website. (See Exhibit 2)

16.

An email followed to Plaintiff's legal counsel on August 15, 2023, stating "we demanded that Ernst Manufacturing undertake and complete corrective action to remove or amend all noncompliant, misleading claims by July 27, 2023 for Ernst's digital assets." It threatened plaintiff with "Please be advised that failure to take immediate corrective action will result in the submission of a formal complaint to the FTC." (See Exhibit 3)

17.

In an email dated February 27, 2024, to plaintiff's legal counsel, Defendant's legal counsel drew attention to their upcoming patent rights, asserting the following thinly veiled patent infringement threat, "Our client is aware of the Ernst Wrench Rack. We want to make you aware of our client's published patent application 2023/0294269, copy attached. This application has been allowed with the claims in their published form, and the issue fee has been paid." (See Exhibit 4)

18.

In a subsequent email dated March 6, 2024 (Exhibit 5) to Plaintiff's legal counsel, Defendant's legal counsel stated:

We disagree that "there is not enough money here to initiate a suit." We are aware that your client supplies its Pro Modular Wrench Rack to Tekton. In addition, as you may know, it is possible to track sales of products offered on Amazon. The sales of the Ernst modular wrench organizer are clearly significant.

Regarding the missing tool indicator, we note that allowed claim 1 of our client's patent application specifies a missing mechanic's tool indicator that is "of a color unrelated to the color of the mechanic's tool, wherein the missing mechanic's tool indicator is visibly blocked from sight by the mechanic's tool when the mechanic's tool is engaged and held by the mechanic's tool holding portion and is visible to sight when the mechanic's tool is removed from the mechanic's tool holding portion…."

We note that the foregoing designated missing tool indicator is consistent with your client's similar definition. On Ernst's website, your client describes the following regarding its Modular Pro Wrench Rack: "Identification labels are included so you can easily see wrench sizes and spot missing tools." On Amazon, the product listing states "identification labels are included so you can easily see wrench sizes and also know which tools are missing if there is any empty spot. The corresponding image below from Amazon shows that your client's missing tool indicator coincides with claim 1 of our client's allowed patent application."



19.

Looking at the photograph of Plaintiff's *"Ernst Wrench Rack"* it is obvious that what the defendant considers the equivalent to their "missing mechanic's tool indicator*,"* the ID stickers, **remain visible at all times, regardless of whether the tool (wrench) is in the rack or not.** The Defendant's independent patent claims 1 and 5, clearly disclose "wherein the missing mechanic's tool indicator is visibly blocked from sight by the mechanic's tool when the mechanic's tool is engaged*.*" As such, Plaintiff's product cannot infringe Defendant's '095 patent. Defendant has

taken an irrational legal position.

20.

As a result of the aforementioned letters, taken in combination, and based on the unsupported irrational threats made therein, it is clear that the defendant is out to disrupt Plaintiff's business. Plaintiff has a reasonable fear and apprehension that Defendant's will commence an action for patent infringement against them, especially in light of the extent that Defendant has gone to date, and the irrational positions it has adopted. An actual and justiciable controversy therefore exists between the parties as Defendant has caused injury to Plaintiff in this district by instilling the looming fear of a federal patent infringement lawsuit.

**FIRST CAUSE OF ACTION**

**Declaratory Judgment for Non-Infringement**

21.

Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 as though fully set forth herein.

Plaintiff's unique *"Ernst Wrench Organizer"* contains significant differences from the invention claimed in the '095 patent. One of the such differences (and clearly one of the most visible ones) that Plaintiff's system fails to incorporate any of the following claimed elements from the '095 patent is:

> *"a missing mechanic's tool indicator disposed at the base section, the missing mechanic's tool indicator being of a color unrelated to the color of the mechanic's tool, **wherein the missing mechanic's tool indicator is visibly blocked from sight by the mechanic's tool when the mechanic's tool is engaged and held by the mechanic's tool holding portion** and is visible to sight when the mechanic's tool is removed from the mechanic's tool holding portion"*

22.

**Page 9 – COMPLAINT**

Plaintiff has not directly infringed, induced the infringement of, nor has been a contributory infringer, of any of the claims of the '095 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment that:

- United States Patent No. 11,945,095 and any of its related US applications/patents are not infringed by Plaintiff's wrench organizers or any of their other tool storage products;

- Plaintiff has not committed any act of infringement of Defendant's '095 patent or any of its related US applications/patents with respect to products made, used or sold by Plaintiff;

- Defendant and all of its officers, agents, employees, representatives and counsel, and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from charging infringement or instituting any action for infringement of U.S. Patent No. 11,945,095 and any of its US patent applications/patents against Defendant or any of its distributors, customers, manufacturers, sellers or resellers;

- This is an exceptional case, pursuant to 35 U.S.C. § 285. Plaintiff therefore specifically requests that the Court increase its damage award by a factor of three and award Plaintiff its reasonable attorney's fees, expenses and costs in this action; and

- Plaintiff be granted such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all claims where it is so entitled, pursuant to FRCP

38(b).

DATED this 2nd day of April , 2024.

By:/s/James Hiller_____
James L. Hiller, OSB # 772220
Hit Hiller Monfils Williams LLP
411 SW 2nd Ave.,  Ste 400
Portland, OR 97204
503.228.9106
e-mail: jhiller@hitandhiller.com

By:/s/Mark S. Hubert_____
Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
503.234.771
e-mail: markhubert@pacifier.com